**BAYSHORE EXECUTIVE PLAZA PARTNERSHIP, a Florida General Partnership, Plaintiff–Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORP., a U.S. Corp., Defendant–Appellee.**

**No. 90–5921.**

United States Court of Appeals, Eleventh Circuit.

Oct. 4, 1991.

Shalle Stephen Fine, Miami, Fla., for plaintiff-appellant.

Juan A. Gonzalez, Richard Bernstein, Haley, Sinagra & Perez, P.A., Miami, Fla., for defendant-appellee.

Before HATCHETT and DUBINA, Circuit Judges, and WILLIAMS *, Senior Circuit Judge.

## PER CURIAM:

Appellant, Bayshore Executive Plaza Partnership ("Bayshore"), appeals the district court's ruling that 12 U.S.C.A. § 1821(e) gives authority to the lessee's liquidator, the Federal Deposit Insurance Corporation ("FDIC"), to repudiate two lease agreements between Bayshore and the lessee, an insolvent financial institution. We find that the district court properly applied the law, and accordingly, we affirm.

## I. BACKGROUND

On or about August 31, 1986, Bayshore entered into two lease agreements with Bayshore Bank ("Bank"). These agreements were to run for a period of approximately seven years.

On August 7, 1987, the Bank was declared insolvent by the Comptroller of the State of Florida. Pursuant to FLA.STAT. § 658.80 (1989), the Comptroller named the FDIC as liquidator of the Bank and shortly thereafter, the FDIC accepted the appointment. As liquidator, the FDIC was charged with the duty of terminating the business affairs of the Bank as expeditiously as possible. Within a month, the FDIC terminated both leases between the Bank and Bayshore.

Bayshore brought suit in federal district court against the FDIC for one year's rent on the lease agreements, claiming that the FDIC did not have the authority to terminate the leases. The FDIC filed a motion for summary judgment which was granted by the district court, 750 F.Supp. 507 (S.D.Fla.1990). Bayshore then perfected this appeal.

## II. DISCUSSION

Bayshore challenges application of section 1821(e) [1] in this case as violative of the contract clause of the United States Constitution.[2] Bayshore argues that because the FDIC received its appointment as liquidator from a state banking authority and pursuant to a state statute, the FDIC was acting as an agent of the state and would thus be subject to the contract clause. Moreover, Bayshore contends that because section 1821 allows the FDIC to repudiate an existing contractual obligation between Bayshore and the failed bank, section 1821 is unconstitutional as applied.

■ Bayshore misconstrues the role of the FDIC as liquidator of a state-chartered bank. As we have stated before, when the FDIC is appointed receiver by a state banking authority, that agency acts in two sepa-

---

* Honorable Jerre S. Williams, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

1. Section 1821(e) provides, in relevant part, as follows:
   (e) Provisions relating to contracts entered into before appointment of conservator or receiver
   (1) Authority to repudiate contracts
   In addition to any other rights a conservator or receiver may have, the conservator or receiver for any insured depository institution may disaffirm or repudiate any contract or lease—
   (A) to which such institution is a party;
   (B) the performance of which the conservator or receiver, in the conservator's or receiver's discretion, determines to be burdensome; and
   (C) the disaffirmance or repudiation of which the conservator or receiver determines, in the conservator's or receiver's discretion will promote the orderly administration of the institution's affairs.

(4) Leases under which the institution is the lessee
   (A) In general
   If the conservator or receiver disaffirms or repudiates a lease under which the insured depository institution was the lessee, the conservator or receiver shall not be liable for any damages (other than damages determined pursuant to subparagraph (B)) for the disaffirmance or repudiation of such lease.
   (B) Payments of rent
   Notwithstanding subparagraph (A), the lessor under a lease to which such subparagraph applies shall—
   
   *    *    *    *    *    *
   
   (ii) have no claim for damages under any acceleration clause or other penalty provision in the lease....

2. *See* U.S. Const. art. I, § 10, cl. 1 (No State shall ... pass any ... Law impairing the Obligation of Contracts....)

rate capacities: as receiver and as corporate insurer of deposits in the failed bank. *FDIC v. Harrison*, 735 F.2d 408, 412 (11th Cir.1984). In neither role does the FDIC act as an agent of the state comptroller responsible for its appointment as liquidator.

■ Most importantly, "it is settled beyond question that Federal law governs cases involving the rights of the FDIC" when that agency acts as liquidator for a failed bank. *American Nat'l Bank v. FDIC*, 710 F.2d 1528, 1534 n. 7 (11th Cir. 1983) (citing *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 455, 62 S.Ct. 676, 678, 86 L.Ed. 956 (1942)). In addition, when a federal statute addresses the issue of law in contention, the federal statute governs the dispute, despite any federal or state common law that might suggest another result. *Id.*

■ Bayshore does not challenge the district court's interpretation of section 1821(e) as applying to the dispute but argues that application of the section violates the contract clause by impairing an existing contractual obligation. We reject this argument as meritless. Because the FDIC's role as liquidator is defined by federal, not state, law, and because the FDIC derives its authority to repudiate these contracts from a federal statute, the contract clause is inapposite. "It could not be justifiably claimed that the Contract Clause applies, either by its own terms or by convincing historical evidence, to actions of the National Government." *Pension Benefit Guaranty Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 732 n. 9, 104 S.Ct. 2709, 2719 n. 9, 81 L.Ed.2d 601 (1984).

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's order granting the FDIC's motion for summary judgment.

AFFIRMED.